IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEANA (COLLIS) MARTIN,

        *Plaintiff*,

vs.

DOUG MATTHEWS,
Barton County Attorney;
KATHERINE WALKER,
Assistant Barton County Attorney

        *Defendants.*

Case No. 10-1246-EFM

**MEMORANDUM AND ORDER**

This case involves a claim under 42 U.S.C. § 1983 for alleged malicious prosecution. Before the Court is Defendant Doug Matthews' Motion to Dismiss (Doc. 8) and Defendant Katherine Walker's Motion to Dismiss (Doc. 15). For the following reasons, the Court grants Defendants' motions.

**I. Background**

Deana Collis Martin filed her lawsuit on July 15, 2010 in the District Court of Barton County. Defendants removed the case to this Court on July 27, 2010 on the basis that Plaintiff was pursuing a claim under 42 U.S.C. § 1983.

In Martin's petition, she alleges that Defendant Doug Matthews is the elected County Attorney for Barton County, Kansas, and Defendant Katherine Walker is an assistant County

Attorney for Barton County. Martin alleges that on May 24, 2007, the Barton County Attorney's Office prepared an affidavit and Child in Need of Care (CINC) petition. The affidavit was allegedly signed by Detective David Bailey on the basis of Officer Shannon Turner's report, both of whom are not parties to this case. Martin alleges that the County Attorney's Office attended each hearing in the CINC case and was fully informed of the progress of that case.

On April 7, 2008, Martin alleges that an affidavit and criminal complaint were prepared by the Barton County Attorney's Office charging her with a felony, abuse of a child. The complaint and affidavit were also allegedly signed by Detective Bailey. Martin was arrested on May 15, 2008. The criminal charges against Martin were dismissed by Assistant County Attorney Katherine Walker on July 21, 2008.[1] Martin alleges malicious prosecution under 42 U.S.C. § 1983 and brings four claims for "equitable relief."

Matthews filed his motion to dismiss on August 9, 2010, and Walker filed her motion to dismiss on September 21, 2010. Both Defendants assert that prosecutorial immunity and qualified immunity bars Plaintiff's claim against them. In addition, they both contend that a county attorney, or an assistant county attorney, is not a "person" subject to suit under § 1983. Plaintiff did not respond to either motion. As such, Defendants' motions are unopposed.[2]

---

[1] This is the only specific allegation with regard to Defendant Walker, and the allegation relates to dismissal of the case rather than prosecution of the case. There do not appear to be specific allegations relating to Defendant Matthews. In Defendant Matthews' motion to dismiss, however, he contends that Plaintiff alleges that he personally "prepared" documents to initiate and further the prosecution.

[2] On January 12, 2011, Plaintiff filed a "Motion for Extension of Time to File Response" to the two motions to dismiss. Doc. 17. Plaintiff's time to file responsive briefs expired over three months ago. As such, a motion for extension of time is inappropriate and is denied. *See* D. Kan. Rule 6.1(a).
 Generally, a party seeking to file a document that may not be filed as a matter of right must set forth a concise statement of the leave sought, attach the proposed pleading, and comply with the other requirements of D. Kan. Rules 7.1 through 7.6. *See* D. Kan. Rule 15.1(a). In addition, pursuant to D. Kan. Rule 7.4(b), a party who fails to file a responsive brief within the appropriate timeframe waives its right to later file such brief, absent a showing of excusable neglect.

Prior to filing the instant case, Plaintiff filed a case against four Great Bend police officers.[3] Approximately one year after the case was filed, Plaintiff filed a Motion for Leave to File an Amended Complaint to add two additional defendants, including the City of Great Bend and Barton County Attorney Doug Matthews. Plaintiff's motion for leave to add Barton County Attorney Matthews as a Defendant was denied because the Court determined that it would be futile as he was entitled to absolute immunity.[4]

In Case No. 09-1190, a stipulation of dismissal with prejudice was filed on January 6, 2011. The Court recently dismissed the action with prejudice on January 11, 2011. No stipulation of dismissal was filed in this case, and Defendants' motions to dismiss remain pending.

## II. Analysis

Both Defendants contend that they enjoy absolute prosecutorial immunity relying on *Imbler v. Pachtman*,[5] *Buckley v. Fitzsimmons*,[6] and *Kalina v. Fletcher*.[7] A "prosecutor is immune from a civil suit for damages under § 1983" when "initiating a prosecution and in presenting the State's case."[8] Absolute immunity also applies to the preparation and filing of charging documents, including complaints and a motion for an arrest warrant, so long as the prosecutor is not "acting as

---

[3] Case No. 09-1190. This case was filed in the District Court for Barton County and removed to this Court on June 17, 2009.

[4] Doc. 34 in Case No. 09-1190. The motion was granted in part as the Court allowed Plaintiff to add the City of Great Bend as a Defendant.

[5] 424 U.S. 409 (1976).

[6] 509 U.S. 259 (1993).

[7] 522 U.S. 118 (1997).

[8] *Imbler*, 424 U.S. at 431.

a complaining witness rather than a lawyer when she executed the certification."[9]

Because Plaintiff did not file a response, she has not directed the Court to any arguments to rebut Defendants' assertions. Nor has Plaintiff directed the Court to any allegations or facts that would demonstrate Defendants are not entitled to absolute immunity. Even if Plaintiff had filed a response, the Court must look at the Complaint, and there are very few allegations in the Complaint regarding Defendants' actions, and there are certainly no allegations that either Defendant was acting as a complaining witness or outside the scope of their prosecutorial duties. From the facts alleged in the Complaint, Defendants are entitled to absolute immunity. As such, Defendants' motions to dismiss are granted.

**IT IS ACCORDINGLY ORDERED** that Defendant Matthews' Motion to Dismiss (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Walker's Motion to Dismiss (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate Cases (Doc. 10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Response (Doc. 17) is **DENIED**.

---

[9]*Kalina*, 522 U.S. at 129. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.,* 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler*, 424 U.S. at 425-28)).

**IT IS SO ORDERED.**

Dated this 18th day of January, 2011.

                                                   ERIC F. MELGREN
                                                   UNITED STATES DISTRICT JUDGE